# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| CAPITOL INFRASTRUCTURE, LLC, ) | Case No. 12-11362 (KG) |
| *et al.*,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| ) | |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE, ) | Adv. Pro. No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Cisco Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee" and/or "Plaintiff") for the bankruptcy estates (the "Estates") of Capitol Infrastructure, LLC, *et al*. (the "Debtors"), by his undersigned attorneys, in support of this Complaint to avoid and recover preferential transfers against Cisco Systems, Inc. (the "Defendant"), hereby alleges upon information and belief that:

---

[1] The Debtors are the following entities (last four digits of EIN in parentheses): Accelera Services, LLC (6589): Amenity Broadband, LLC (7012); BA Infrastructure SPE, LLC (6610); Baldwin County Internet/DSSI Services, L.L.C. (8858); Broadstar, LLC (8917); Capitol Broadband Development Company, LLC (4515); Capitol Broadband Management Corporation (4260); Capitol Broadband Ventures, LLC (3976); Capitol Infrastructure, LLC (0323); Capitol Infrastructure CP Funding, LLC (1008); CB Infrastructure SPE, LLC (4470); Infrastructure SPE, LLC (1144); and SMARTRESORT CO., L.L.C. (3706).

## NATURE OF THE CASE

1.     This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by the Debtors during the ninety-day period prior to the filing of the Debtors' bankruptcy petition under 11 U.S.C. §§ 547 and 550.

2.     To the extent that the Defendant has filed a proof of claim or has otherwise requested payment from the Estates, (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claim for any reason, including, but not limited to Section 502(a) through (j) ("Section 502") of Title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Plaintiff herein as further stated below.

## JURISDICTION

3.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1134(b) as the causes of action arise under the Bankruptcy Code, and arise in, and relate to cases under the Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware, Capitol Infrastructure, LLC, *et al*., Chapter 7, Case No. 12-11362 (KG).

4.     The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to bankruptcy cases pending in the district and the claims alleged herein arose in this district.

6. Personal jurisdiction over the Defendant(s) exists in this Court because the Defendant(s) conducted business in the United States, directed activities toward the Debtors in the United States, and/or the transfers at issue occurred in the United States.

7. The Defendant(s) is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Federal Rule of Bankruptcy Procedure 7004(b) and (d).

## BACKGROUND

8. On April 26, 2012, (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

9. On October 15, 2012, an Order was entered converting the Debtors above captioned cases from chapter 11 to chapter 7 of the Bankruptcy Code.

10. Jeoffrey L. Burtch was appointed as interim trustee on or about October 16, 2012, pursuant to Section 701 of the Bankruptcy Code. Thereafter, the meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded on December 18, 2012, and Mr. Burtch serves as the Trustee for these cases pursuant to 11 U.S.C. § 702(d).

11. The Debtors were a fully integrated real estate and telecommunications company whose business was *inter alia* to secure telecommunications rights on properties, improve those rights by constructing broadband telecommunication infrastructure including fiber optics, coaxial cable, wireless systems, head end facilities, and satellite facilities at such properties, and to deliver video, voice, internet, and sometimes alarm services to end users.

12. On or about the Petition Date, the Debtors had operations in forty-eight (48) states. Properties that Debtors typically served include gated communities, apartment complexes, condominium complexes and mobile home communities.

13. According to the Debtors' Cash Management Motion, prior to the Petition Date, the Debtors, in the ordinary course of business, used an integrated, centralized cash management system to collect, transfer, and disburse funds and to record all such transactions as the transactions were made (the "Cash Management System"). Under the Cash Management System, each Debtor maintained its own bank accounts (collectively, the "Bank Accounts") and the Debtors maintained a substantially unified system that allowed for an integrated method for accounting for revenues and expenses. A list of the Debtors' Bank Accounts can be found attached to the Debtors' Cash Management Motion as Exhibit A [Main Bankr. Case No. 12-11362, DN 8].

14. Prior to the Petition Date, the Debtors routinely deposited, withdrew, and otherwise transferred funds to, from, and among the Bank Accounts by various methods, including check, wire transfer, automated clearing house transfer ("ACH Transfer"), internal bank transfer, and electronic funds transfer.

15. During the ninety (90) days before the Petition Date, that is from January 26, 2012 to April 25, 2012, inclusive (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH Transfers, electronic funds transfers, direct deposits, or otherwise to certain entities, including creditors. The relevant Bank Account(s) for the purpose of this Complaint is/are identified on <u>Exhibit A</u> attached hereto and incorporated by reference.

16.     Upon information and belief, at all relevant times, Defendant is a designer, manufacturer, and seller of networking equipment with its principal place of business located at 170 West Tasman Dr., San Jose, CA 95134.

17.     Upon information and belief, Defendant is a corporation residing in and subject to the laws of the State of California.

18.     Prior to the Petition Date, the Debtors entered into certain purchase orders and/or supply or service agreements, as reflected in invoices, communications, and other documents (collectively the "Agreements") with Defendant(s) pursuant to which Defendant(s) was obligated to provide and deliver certain goods and/or services to the Debtors.  The Debtors and Defendant(s) continued to conduct business with one another during the Preference Period.

19.     The details of the payments made during the Preference Period, and information regarding the Agreements for which payment was made, are set forth in the Exhibit A attached hereto and incorporated by reference.

CLAIMS FOR RELIEF

COUNT I

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

20.     The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

21.     On or within 90 days prior to the Petition Date, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH Transfers, electronic funds transfers, direct deposits, or otherwise to certain entities, including the Defendant.

22. The Plaintiff is seeking to avoid all the transfers made by the Debtors to the Defendant within the ninety (90) days preceding the Petition Date (the "Preference Period").

23. The Plaintiff has determined the total amount paid by the Debtors to the Defendant during the Preference Period is not less than $91,039.63 (the "Transfers"). The specific Transfers subject to this Complaint are identified by Debtor Transferor, amount (Transaction Amount), payment date (Transaction Date), clear date (Transaction Clear Date), and number (Transaction Number) in the payment history attached hereto as Exhibit A.

24. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtors to the Defendant during the Preference Period. It is the Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property, or transfer made for the benefit of the Defendant or any other transferee. The Plaintiff reserves his right to amend this Complaint to include: further information on the Transfers, additional transfers, revision of Defendant's name, additional defendants, and/or additional causes of action (i.e., but not exclusively pursuant to 11 U.S.C. §542, §544, §545, §548 and §549) (collectively the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this Complaint.

25. Each Transfer was made during the Preference Period as set forth in Exhibit A.

26. During the Preference Period, Defendant was a creditor at the time of each Transfer by virtue of supplying goods and/or services as set forth in the Agreements, for which the Debtors were obligated to pay following delivery and/or performance of services in accordance with the Agreements. Accordingly, the Defendant was a creditor of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the

Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtors.

27.  The Transfers were to or for the benefit of the Defendant within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant as set forth in Exhibit A.

28.  As set forth in the Agreements, the Transfers were for, or on account of, antecedent debts owed by the Debtors before such transfers were made.

29.  The Debtors were insolvent at all times during the 90 days prior to the Petition Date. The Debtors' Summary of Schedules on a consolidated basis shows assets of $302,236,087.24 and liabilities of $1,206,586,138.35.[2]

30.  As a result of the Transfers, the Defendant received more than it would have received if: (i) this case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such antecedent debts under the provisions of the Bankruptcy Code.

31.  Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

---

[2] Accelera Services, LLC assets of $8,049,496.41 and liabilities of $463,572,043.55: Amenity Broadband, LLC assets of $41,060.28 and liabilities of $2,316.25; BA Infrastructure SPE, LLC assets of $18,264,085.87 and liabilities of $14,799,278.22; Baldwin County Internet/DSSI Services, L.L.C. assets of $6,725,571.27 and liabilities of $7,185,989.26; Broadstar, LLC assets of $16,255,427.80 and liabilities of $51,701,755.83; Capitol Broadband Development Company, LLC assets of $16,900,316.37 and liabilities of $467,454,744.22; Capitol Broadband Management Corporation assets of $12,284,686.00 and liabilities of $2,860,679.38; Capitol Broadband Ventures, LLC assets of $43,879,108.01 and liabilities of $100,999.00; Capitol Infrastructure, LLC assets of $35,452,154.00 and liabilities of $18,947,538.74; Capitol Infrastructure CP Funding, LLC assets of $16,293,439.65 and liabilities of $77,901,817.02; CB Infrastructure SPE, LLC assets of $19,238,754.55 and liabilities of $16,289,813.99; Infrastructure SPE, LLC assets of $102,711,993.95 and liabilities of $73,967,192,75; and SMARTRESORT CO., L.L.C. assets of $6,139,993.08 and liabilities of $11,801,970.14

## COUNT II

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

32. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

33. The Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

34. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment, and the costs of this action.

## COUNT III

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

35. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

36. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 of the Bankruptcy Code.

37. The Defendant is a transferee of Transfers avoidable under 11 U.S.C. § 547.

38. The Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

39. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Estates must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

40. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Estates previously allowed by the Debtors or the Plaintiff, must be

reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant him the following relief against Defendant:

A. Avoiding the Transfers described above under 11 U.S.C. § 547(b);

B. Granting judgment in favor of the Plaintiff against the Defendant in an amount of $91,039.63;

C. Requiring the Defendant to immediately to pay the amount of the Transfers to the Plaintiff pursuant to 11 U.S.C. § 550(a);

D. Disallowing any Claims of the Defendant, and/or its assignee, if it refuses to turn over any transfers to the Plaintiff pursuant to 11 U.S.C. § 502;

E. Awarding pre-judgment and post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F. Granting the Plaintiff such other and further relief as the Court deems just and proper.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

| | |
|---|---|
| Dated:  April 22, 2014<br>       Wilmington, Delaware | COOCH AND TAYLOR, P.A.<br><br>*/s/ R. Grant Dick, IV*<br>R. Grant Dick, IV (No. 5123)<br>The Brandywine Building<br>1000 West Street, 10th Floor<br>P.O. Box 1680<br>Wilmington, DE  19801<br>Telephone: (302) 984-3800<br>Fax: (302) 984-3939<br>E-mail: gdick@coochtaylor.com<br><br>*Attorneys for Jeoffrey L. Burtch, Chapter 7*<br>*Trustee of Capitol Infrastructure, LLC, et al.* |