# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Capitol Infrastructure, LLC, *et al* | ) Case No. 12-11362 (KG) |
| | ) |
| Debtor. | ) (Jointly Administered) |
| | ) **Related Docket No. 1584** |
| Jeoffrey L. Burtch, Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Cisco Systems, Inc. | ) Adv. Pro. No. 14-50298 (KG) |
| | ) **Related Docket No. 24** |
| Defendants. | ) |
| | ) |

### ORDER GRANTING TRUSTEE'S SEVENTH 9019 MOTION
### FOR AN ORDER APPROVING SETTLEMENT OF PREFERENTIAL CLAIM

1.   Jeoffrey L. Burtch, Esquire, Chapter 7 trustee (the "Trustee") for the above captioned case, has filed the Trustee's Seventh 9019 Motion for an Order Approving Settlement of Preferential Claim (the "Motion").

2.   The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2). Proper notice of the Motion has been provided by the Trustee.

3.   The Court finds that the Settlement[1] was negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the Estate is fair and reasonable, and falls above the lowest point in the range of reasonableness.

4.   The Motion is GRANTED. Any objection not made to the Motion is waived. Any objection made to the Motion is overruled with prejudice. This Settlement Agreement

---

[1] Unless otherwise noted, capitalized terms shall have the meaning ascribed to them in the Motion.

annexed to the Motion is approved and the monies contained in the Trustee's preference escrow account may be transferred to the Trustee's general account.

Dated: November 4, 2015

_____
Honorable Kevin Gross
United States Bankruptcy Court Judge